OXY USA, INC., Appellant,

v.

**Danny COOK, Appellee.**

No. 12–02–00027–CV.

Court of Appeals of Texas, Tyler.

June 30, 2003.

Rehearing Overruled Aug. 4, 2003.

**18**

J. Don Westbrook, Coghlan, Crowson, Fitzpatrick & Westbrook, L.L.P., Longview, for appellant.

Ron Adkison, Wellborn, Houston, Adkison, Mann, Sadler & Hill, L.L.P., Henderson, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and RAMEY, JR., Chief Justice retired, Twelfth Court of Appeals, TYLER, sitting by assignment.

## *OPINION*

JAMES T. WORTHEN, Chief Justice.

OXY USA, Inc. ("OXY") appeals from the trial court's judgment, entered after a jury trial, in this suit brought by Appellee Danny Cook for damages to his land. OXY raises four issues asserting that Cook does not have standing to bring suit for surface damages, OXY owes no duty to Cook, Cook's nuisance claim is barred by limitations, and, alternatively, the trial court erred by failing to reduce Cook's award by the amount of the settlement credit. We reverse and render.

### BACKGROUND

Beginning in 1930, OXY, and its predecessor, operated an oil and gas lease on a large tract of land. In April 1986, Cook bought an 81–acre tract covered by that lease. OXY plugged eight wells on Cook's

property in 1988. On October 28, 1992, OXY sold its interest in the lease, including all equipment, wells, and pipelines, to a third party. In March 2000, Cook sued OXY for nuisance, trespass, and breach of lease complaining of the structures once used in OXY's oil field operations that had been left on his property after it plugged the eight wells in 1988. The jury found in Cook's favor on his nuisance theory and awarded him $25,000.00. Judgment was entered on the jury's verdict.

### STANDING

In its first issue, OXY contends the trial court erred in denying its motion for directed verdict and its motion for judgment notwithstanding the verdict because Cook does not have standing to assert his cause of action. OXY argues that injury to land is personal to the owner at the time of the injury and, in the absence of an express provision, subsequent purchasers cannot assert claims for property damage that occurred before the purchaser owned the property. Therefore, the argument continues, because all of the oilfield materials Cook complains of were placed on the property long before Cook owned it, any damage to the property occurred before Cook owned the property.

An appeal from the denial of a motion for directed verdict is in essence a challenge to the legal sufficiency of the evidence. *Lochinvar Corp. v. Meyers*, 930 S.W.2d 182, 187 (Tex.App.Dallas 1996, no writ). Likewise, a motion for judgment notwithstanding the verdict should be granted when the evidence is conclusive and one party is entitled to judgment as a matter of law. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227–28 (Tex.1990). Only the person whose primary legal right has been breached may seek redress for an injury. *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex.1976). OXY's standing argu-

ment applies to Cook's claim for injury to the property. This complaint is moot because, as we shall explain below, Cook's complaint is not one for nuisance. His complaint sounds in contract. The record shows that, pursuant to the terms of Cook's warranty deed, the land is subject to the 1930 lease and, therefore, Cook is bound by the terms of the lease. OXY does not question Cook's standing to bring a cause of action based on the lease. The evidence does not show that OXY is entitled to judgment as a matter of law based on Cook's lack of standing. We overrule OXY's first issue.

### Duty

In its second issue, OXY asserts the trial court erred in denying its motion for directed verdict and motion for judgment notwithstanding the verdict on the ground that OXY owes no duty to Cook. In its two-part argument, OXY contends it has no tort liability to Cook because the 1930 lease governs its rights and duties and it has no contractual duty to Cook because the lease does not require it to remove property and fixtures.

#### Facts

In his petition, Cook asserted that, during the course of its oil and gas operations, OXY "erected many above-ground appurtenances, poured concrete, [and] dug slush pits" on Cook's land. He further asserted that these structures, while once necessary, now constitute nuisance, a trespass, and a breach of the lease. Paragraph six of the lease states in pertinent part: "Lessee shall have the right at any time during or after the expiration of this lease to remove all property and fixtures placed by lessee on said land, including the right to draw and remove all casing."

Question one of the jury charge addressed the issue of nuisance as follows:

Did Oxy create a nuisance which was the proximate cause of injury to the Land?

You are instructed that a "nuisance" is a condition that substantially interferes with the use and enjoyment of the Land by causing unreasonable discomfort or annoyance to the ordinary person who is attempting to use or enjoy the Land.

You are further instructed that a nuisance may occur when one party negligently invades another's interest in a piece of property, if that invasion results in substantial interference with the use and enjoyment of the property. Interference is "substantial" when it is more than merely disagreeable or undesirable.

You are further instructed that when a nuisance actually exists it is not excused by the fact that it arises from conduct that is in itself lawful or useful, or from some condition that is necessary to the operation of the enterprise or activity. An enterprise that is lawful or desirable may be a nuisance, either because of its locality or because it is being conducted in an improper manner, and if it interferes with the use and enjoyment of the property.

The jury answered "yes."

#### Applicable Law

■ In reviewing the denial of a motion for directed verdict or a motion for judgment notwithstanding the verdict, we consider whether the movant is entitled to judgment as a matter of law. *Mancorp, Inc.*, 802 S.W.2d at 227–28; *Meyers*, 930 S.W.2d at 187. Actionable nuisance may fall into one of three categories: negligent invasion of another's interests; intentional invasion of another's interest; or other conduct, culpable because abnormal and out of place in its surroundings, that invades another's interests. *City of Tyler v.*

*Likes,* 962 S.W.2d 489, 503 (Tex.1997). Nuisance is a field of tort liability, a kind of damage done, rather than any particular type of conduct. *Id.* at 504. Courts have defined a nuisance as a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it. *Holubec v. Brandenberger,* 111 S.W.3d 32, 36 (Tex.2003).

The acts of a party may breach duties in tort or contract or simultaneously in both. *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494–95 (Tex. 1991). An action in contract is for the breach of a duty arising out of a contract either express or implied, while an action in tort is for a breach of duty imposed by law. *International Printing Pressmen & Assistants' Union v. Smith,* 145 Tex. 399, 198 S.W.2d 729, 735 (1946). The nature of the injury most often determines which duties are breached. *DeLanney,* 809 S.W.2d at 495. If the defendant's conduct would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort. *Id.* at 494. Conversely, if the defendant's conduct would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract. *Id.* If the action depends entirely on pleading and proving the contract in order to establish a duty, the action remains one for breach of contract only, regardless of how it is framed by the pleadings. *Id.* at 496 (Gonzalez, J., concurring); *Smith,* 198 S.W.2d at 735.

Therefore, if the gist of the action is the breach of the contract, either by malfeasance or nonfeasance, it is in substance an action on the contract, whatever may be the form of the pleading. *Smith,* 198 S.W.2d at 735. If the cause of action involves property damage apart from the subject of the contract, it is a tort. *See Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986) (No tort involved where builder sold a defectively built house because the damages were limited to the subject of the contract.); *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508, 510–11 (1947) (Faulty performance of contract to repair water heater led to destruction of entire house thereby breaching both the contract and a common law duty.).

### Discussion

To address this issue, we must determine whether Cook's cause of action is one for nuisance or one for breach of contract. Cook's complaint is, essentially, that the structures left on his property, previously used in oil production, are now interfering with his ability to use his land. OXY was on the land only by virtue of rights conferred on it by the lease. The structures on the land that Cook is now complaining of were placed there to drill for oil pursuant to the terms of the lease. The only reference in the lease to the subject matter of Cook's complaint is paragraph six which gives OXY the right to remove its property and fixtures from the land. In essence, Cook merely complains that OXY did not exercise its contractual right to remove certain structures. We conclude that Cook's cause of action depends entirely on the contract to establish a duty and, therefore, the action is one for breach of contract only. *See DeLanney,* 809 S.W.2d at 496 (Gonzalez, J., concurring); *Smith,* 198 S.W.2d at 735. Therefore, the jury's finding that OXY created a nuisance fails as a matter of law. *See DeLanney,* 809 S.W.2d at 495. We turn now to the question of the extent of OXY's contractual duties regarding the remaining structures.

Jury question number three asked, "Do you find that OXY used more of the surface of the Land than was reasonably necessary to enjoy the benefits of the mineral estate while exploring for and/or producing oil and/or gas on the Land of Plaintiff?" The jury answered in the negative.

 At trial, regarding question three, counsel argued to the jury that "[o]nce you quit producing out of an individual well bore, you don't need the corner blocks and you don't need the pump jack cement anymore." However, the question did not ask about what was needed "once you quit producing." It asked about reasonably necessary use of the surface "while exploring for and/or producing oil and/or gas." The jury found no breach of contract in that manner. Cook has not challenged the jury's answer to question number three on appeal. Therefore, that finding is binding. *Lawson v. Lawson*, 828 S.W.2d 158, 160 (Tex.App.Texarkana 1992, writ denied); *Great Southwest Life Ins. Co. v. Henson*, 401 S.W.2d 89, 92 (Tex.App.-El Paso 1966, writ ref'd n.r.e.).

 Further, this question does not address the issue of whether OXY breached the contract by failing to remove the oilfield materials and clean up the property after production ended, even if that can be said to be "excessive use of the surface estate" as Cook tried to characterize it. The jury was not presented any questions on this issue. The record does not indicate that Cook requested any such questions. Counsel stated on the record that he had no objections to the charge. Therefore, the issue before us, whether OXY has a contractual duty to remove the remaining structures after drilling and exploration ceased, was not presented to the

jury.[1] Cook waived any claim based on this theory. *See DeLanney*, 809 S.W.2d at 495. Because Cook's claim was one for breach of contract, which he waived, the trial court erred in denying OXY's motion for judgment notwithstanding the verdict. We sustain OXY's second issue.

### CONCLUSION

Cook did not state a claim for nuisance. Rather, his claim lies in contract. That claim, however, was waived. Therefore, OXY was entitled to judgment as a matter of law. Because of our disposition of issue two, we need not reach issues three and four. *See* TEX.R.APP. P. 47.1. We reverse the trial court's judgment and render judgment that Cook take nothing against OXY.

---

1. This court has construed a lease containing a paragraph six identical to the paragraph six at issue here. *Exxon Corp. v. Pluff,* 94 S.W.3d 22 (Tex.App.-Tyler 2002, pet. denied). There, we determined that paragraph six of the lease imposed neither an express nor an implied duty on the operator to remove oilfield material from the property. *Id.* at 29–30.