

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00066-CV

Abelardo G. **GONZALEZ**,
Appellant

v.

Alberto J. **GONZALEZ**, Sergio R. Gonzalez, Rosalinda Gonzalez, Diana Gonzalez,
Appellees

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2018CVH001007D3
Honorable Joel B. Johnson, Judge Presiding[1]

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: April 16, 2025

AFFIRMED

In three issues, appellant Abelardo G. Gonzalez challenges a final judgment rendered after

a jury trial. We affirm the trial court's judgment.

---

[1] During the trial of this case and at the time the judgment was rendered, the Honorable Joel B. Johnson was sitting as judge of the 341st Judicial District Court of Webb County, Texas by assignment.

## BACKGROUND

This is Abelardo's second appeal in this dispute arising out of the parties' shared ownership of land in Webb County. *See Gonzalez v. Gonzalez*, No. 04-20-00226-CV, 2021 WL 6127931, at *1 (Tex. App.—San Antonio Dec. 29, 2021, no pet.) (mem. op.). Abelardo and his brothers—appellees Alberto J. Gonzalez and Sergio R. Gonzalez and non-party Hipolito Gonzalez—obtained the land through a gift deed from their grandfather. It is undisputed that the grantor intended for the brothers to build homes on the portions of the tract that were informally assigned to them. However, the land has never been formally partitioned, and the brothers jointly own the entire tract as co-tenants.

In 2018, Abelardo sued Alberto and Sergio alleging multiple causes of action. He later amended his claims to add Alberto's and Sergio's wives, appellees Rosalinda Gonzalez and Diana Gonzalez, as defendants. In 2020, the trial court granted the appellees' no-evidence motion for summary judgment and rendered a take-nothing judgment on Abelardo's claims. We affirmed the summary judgment in part, reversed it in part, and remanded for trial on several of Abelardo's claims. *See id.* at *10–13.

On remand, Abelardo's live petition alleged that Alberto breached oral contracts to reimburse the parties' mother for her payment of Alberto's share of property taxes[2] and to pay Abelardo for maintaining Alberto's assigned portion of the land. He also alleged that all four appellees intentionally damaged a limousine he owned; intentionally damaged fencing, trees, and other personal property located on the jointly owned land; interfered with his use of the land by blocking the south entrance to the property; and tortiously interfered with a contract to lease the

---

[2] Abelardo contends that his mother assigned her rights under this purported contract to him before she died. The resolution of that question is not at issue in this appeal.

limousine by damaging the limousine and blocking the south entrance.[3] Abelardo requested monetary damages and declaratory and injunctive relief.

By the time of the trial in this case, all of the parties were proceeding *pro se*. Immediately prior to jury selection on the first day of trial, Abelardo asked the trial court to take judicial notice that Alberto and Sergio did not timely respond to a request for admissions he served on them.[4] He argued that the issues in the request for admissions were therefore deemed admitted, and he noted that Alberto and Sergio had never moved to strike or withdraw the deemed admissions. Noting that the jury panel was waiting to begin voir dire, the trial court declined to address Abelardo's request, concluding, "I'll get to it when I have time." The parties then selected a jury.

During trial, Abelardo presented testimony from himself, his wife Ivonne, and his brother Hipolito. The appellees did not present any witness testimony, but they cross-examined Abelardo and his witnesses. Both sides presented documentary evidence. While Abelardo occasionally referred to the deemed admissions during trial, he did not attempt to offer the deemed admissions into evidence, seek permission to read them to the jury, or otherwise inform the jury about the substance of the admissions.

Abelardo prepared and filed a proposed charge, but the trial court did not submit his proposed charge to the jury. The record appears to show that the trial court instead prepared a draft charge itself, and it submitted that charge to the jury without objection from either side. Neither Abelardo's proposed charge nor the charge that was eventually submitted to the jury recited the deemed admissions or instructed the jury to treat those issues as conclusively established. To the

---

[3] Abelardo testified that the south entrance provided the only access to the yard where he stored the limousine.
[4] The request for admissions at issue in this appeal was directed at Alberto and Sergio and did not request any admissions from Rosalinda or Diana.

contrary, the charge submitted to the jury asked it to resolve some of the issues addressed by the deemed admissions.

The jury found that Alberto and Rosalinda—but not Sergio and Diana—interfered with Abelardo's rights to the jointly owned land and that their interference caused $3,000 in damage to trees and $0 in lost profits from Abelardo's limousine business. The jury also found that Alberto did not agree to reimburse the parties' mother for property tax or to pay Abelardo to maintain Alberto's portion of the land; that the appellees did not intentionally damage the limousine; and that Abelardo did not have an enforceable contract to lease the limousine to a third party. After the jury returned its verdict, the trial court discharged the jurors without objection from the parties.

After it discharged the jury, the trial court heard additional evidence on Abelardo's requests for declaratory and injunctive relief. Near the end of that hearing, Abelardo re-urged his argument regarding Alberto's and Sergio's deemed admissions:

| | |
|---|---|
| Abelardo: | Also, when the Court has time, I need to address my admissions. You already made a— |
| Trial Court: | I denied—I denied and—I've done it before. Number one, we talked about admissions before the trial started; and you brought them to my attention on Monday morning after our final hearing. |
| Abelardo: | Yes. |
| Trial Court: | I looked them over. I am satisfied that everything that you wanted got presented in evidence. Nothing was challenged. The only portion of those admissions were merit-based. The—these folks over here don't have a lawyer; they don't even have a file because their lawyer's [sic] abandoned them in this trial, and I'm—I am not going to deem those admissions—any of those portions of the second group of admissions deemed admissible. I don't think it's appropriate; I don't think it's fair; I don't think it's reasonable. And those admissions are not granted. . . . [T]hese folks never saw them, and I don't think they ever saw your third-amended petition because I don't think the lawyer ever shared it with them. So, anyway, that request is denied, and it's—that water is under the bridge, and we're on to another point. |

The parties then scheduled a final hearing for the entry of the court's judgment.

On December 14, 2022, the trial court signed a final judgment that awarded Abelardo $750 in monetary damages[5] and permanently enjoined the appellees from blocking Abelardo's use of the south entrance to the property. Abelardo filed a motion for new trial, which was overruled by operation of law. He then filed this appeal. Alberto and Rosalinda filed an appellees' brief, but Sergio and Diana did not.[6]

**ANALYSIS**

On appeal, Abelardo argues: (1) the trial court's ruling on the deemed admissions was an abuse of discretion; (2) the evidence is legally and factually insufficient to support the jury's finding that Abelardo did not have an enforceable contract to lease the limousine; and (3) the evidence is factually insufficient to support the jury's finding that Alberto did not agree to pay Abelardo to maintain Alberto's portion of the jointly owned property. Alberto and Rosalinda argue, *inter alia*, that Abelardo has already accepted payment of the $750 judgment in his favor.

***Acceptance of Benefits Doctrine***

A party who voluntarily accepts the benefits of a judgment generally may not challenge the judgment on appeal. *See, e.g.*, *Rowling v. Rowling*, 528 S.W.3d 116, 117–18 (Tex. App.—El Paso 2017, no pet.). During a December 14, 2022 post-trial hearing, Abelardo told the trial court that if the appellees tendered payment of the $750 awarded to him in the judgment, he would accept that payment. Alberto then told the court that he would obtain a cashier's check for that amount and deliver it to the trial court clerks. The clerk's record contains a photocopy of a December 14, 2022 cashier's check made out to Abelardo for $750.

---

[5] The trial court calculated this amount by dividing the jury's finding of $3,000 in tree damage by four to account for Abelardo's one-quarter share of the jointly owned land. Abelardo has not challenged this provision of the judgment.
[6] As we noted in our prior opinion in this case, an appellee's failure to file a brief does not relieve an appellant of his burden to establish reversible error. *See Gonzalez*, 2021 WL 6127931, at *2 n.3.

We conclude, however, that Alberto and Rosalinda have not shown that Abelardo voluntarily accepted the benefits of the judgment. *See id.* at 118 (identifying acceptance of benefits as a form of estoppel and noting, "The burden of proving an estoppel rests on the party asserting it, and the failure to prove all essential elements is fatal."). While the record of the December 14, 2022 hearing shows Alberto intended to obtain the check and deliver it to the trial court, the record contains nothing to show that either Abelardo or Ivonne retrieved that check from the trial court.[7] Additionally, while the copy of the check in the clerk's record bears a signed "received by" line, that signature is illegible and does not match the signature on Abelardo's *pro se* filings. Finally, while Abelardo's reply brief states that "he paid the amount awarded to him of $750.00" toward the costs of this appeal, the reply brief does not explicitly represent that Abelardo received that money from Alberto and Rosalinda as payment of the judgment. For these reasons, we decline to apply the acceptance-of-benefits doctrine and will turn to the issues raised in Abelardo's brief.[8]

### *Deemed Admissions*

In his first issue, Abelardo argues the trial court abused its discretion by refusing to give conclusive effect to Alberto's and Sergio's deemed admissions. "A party may serve on another party . . . written requests that the other party admit the truth of any matter within the scope of discovery, including statements of opinion or of fact or of the application of law to fact[.]" TEX. R. CIV. P. 198.1. "The responding party must serve a written response on the requesting party within 30 days after service of the request[.] . . . If a response is not timely served, the request is considered admitted without the necessity of a court order." *Id.* R. 198.2(a), (c). If a party who is

---

[7] Neither Abelardo nor Ivonne attended the December 14, 2022 hearing in person. Abelardo, who has been incarcerated at all times relevant to this case, appeared at trial in person pursuant to a bench warrant, but he attended all other hearings either virtually or by telephone.

[8] We emphasize that our analysis on this point should not be interpreted as a finding that the judgment remains unpaid. We hold only that Alberto and Rosalinda have not presented sufficient information to show that the acceptance-of-benefits doctrine bars Abelardo's appeal.

served with a request for admissions does not timely respond to the request, prove he was not served with the request, or move to withdraw any deemed admissions, "the trial court has no discretion to deem or refuse to deem the admissions admitted." *Ruiz v. Nicolas Trevino Forwarding Agency, Inc.*, 888 S.W.2d 86, 88 (Tex. App.—San Antonio 1994, no writ) (internal quotation marks omitted); *see also Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989); TEX. R. CIV. P. 198.3. "An admission once admitted, deemed or otherwise, is a judicial admission, and a party may not then introduce testimony to controvert it." *Marshall*, 767 S.W.2d at 700.

However, where a party's failure to timely respond results in deemed admissions, the party relying on those admissions—here, Abelardo—has a duty to protect the record by objecting to the introduction of controverting evidence and to the submission to the jury of any issue bearing on the facts admitted. *See id.*; *Gonzalez v. Wasserstein*, No. 01-20-00826-CV, 2022 WL 3268528, at *11 (Tex. App.—Houston [1st Dist.] Aug. 11, 2022, no pet.) (mem. op.). "To rely on a judicial admission, a party must timely object to the submission of a jury question on the issue that is the subject of the judicial admission; in other words, a party must object to asking the jury to decide a question that has already been judicially admitted[.]" *Perez v. Perez*, No. 13-11-00169-CV, 2013 WL 398932, at *3 (Tex. App.—Corpus Christi–Edinburg Jan. 31, 2013, no pet.) (mem. op.). If the party relying on a judicial admission, including a deemed admission, does not protect the record, he waives his reliance on that admission. *See id.*; *Gilbert v. Kalman*, No. 08-22-00092-CV, 2023 WL 3735576, at *5 (Tex. App.—El Paso May 31, 2023, no pet.) (mem. op.); *Naan Props., LLC v. Affordable Power, LP*, No. 01-11-00027-CV, 2012 WL 114201, at *11–12 (Tex. App.—Houston [1st Dist.] Jan. 12, 2012, no pet.) (mem. op.); *cf. Clark v. Porter*, No. 04-08-00520-CV, 2009 WL 2618359, at *2–4 (Tex. App.—San Antonio Aug. 26, 2009, pet. denied) (mem. op.) (holding appellant in that case could properly rely on deemed admissions because he protected the record).

On this record, we need not decide whether Alberto and Sergio failed to timely respond to Abelardo's request for admissions. Even if we assume they did, Abelardo did not take the necessary steps to protect the record. Abelardo's request for admissions asked Alberto and Sergio to admit:

- I AJG[9] ADMIT my Brother [*sic*] Abelardo had a lease agreement on the H2 Hummer limousine with a third-party at the time I damaged the H2 Hummer limousine.

- I AJG ADMIT that I and others intentionally damaged the H2 Hummer Limousine that my brother Abelardo and his wife Ivonne co-own so they could not have a reason to use the entrance in dispute[.]

- I AJG ADMIT that I made a[n] oral contract with my brother Abelardo so he could upkeep and maintain the property of .59 acres TRACT "A" BLK ED Property I.D. ref. I.D. 900-2391-005 in Laredo, WEBB COUNTY, Texas for a fee/cost per month and would only become due (ALL THE COSTS) once I decided to upkeep/maintain the property and that happened on OCT. 2017 and on that date the debt became due to be paid to my brother.

- I AJG ADMIT Abelardo was charging me $50.00 a month till OCT. 2017 to upkeep my property and the full amount became only due on that day of OCT. 2017 for all the years of maintaining the property for me.

The court's charge asked the jury to resolve each of these issues:

- Question 5 asked: "Did Alberto J. Gonzalez agree to pay Abelardo G. Gonzalez $50 per month for the maintenance of Tract 'A' Block 2139 ED (.59 acres) Ref. ID 900-2391-005 (719 S. Meadow Ave.) Laredo, Texas?

- Question 10 asked: "Did Alberto J. Gonzalez, Sergio R. Gonzalez, Rosalinda Gonzalez, or Diana Gonzalez intentionally damage the Limousine?"

- Question 12 asked, "Did Abelardo G. Gonzalez have an enforceable agreement/contract with a third party to lease the Limousine in question?"

---

[9] Each individual request for admissions contained the initials of the party asked to make the admissions.

As noted above, Abelardo did not assert any objections to the court's charge. *See Perez*, 2013 WL 398932, at \*3. Because Abelardo allowed the purportedly admitted issues to be submitted to the jury, he waived his right to rely on the deemed admissions. *See id.*

We overrule Abelardo's first issue.

### *Limo Lease Contract*

In his second issue, Abelardo challenges the legal and factual sufficiency of the evidence to support the jury's finding that he did not have an enforceable contract to lease the limousine to a third party. Abelardo did not seek to recover directly on the limousine lease contract itself; instead, the contract's existence was relevant only as an element of his claim that the appellees tortiously interfered with that contract. *See Doe v. Cruz*, 683 S.W.3d 475, 499 (Tex. App.—San Antonio 2023, no pet.) (op. on reh'g) ("The elements of tortious interference with an existing contract are: (1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss.").

In reviewing this issue, we will assume without deciding that the challenged finding was contrary to the evidence. However, we may not reverse the trial court's judgment on that basis unless the error probably caused the rendition of an improper judgment or probably prevented Abelardo from presenting his appeal to this court. *See* TEX. R. APP. P. 44.1(a); *Horton v. Kan. City S. Ry. Co.*, 692 S.W.3d 112, 138 (Tex. 2024). As the appellant, Abelardo bears the burden to make the requisite showing of harm. *See Liles v. Contreras*, 547 S.W.3d 280, 296 (Tex. App.—San Antonio 2018, pet. denied) ("It is the appellant's burden to raise and discuss assertion of error."); *Owings v. Kelly*, No. 07-20-00115-CV, 2020 WL 6588610, at \*3 (Tex. App.—Amarillo Nov. 10, 2020, no pet.) (mem. op.) (holding appellants did not establish they were harmed by purported

error). Even when liberally construed, Abelardo's brief does not present any argument or authority to show he was harmed by the jury's finding that he did not have an enforceable contract to lease the limousine. While we recognize Abelardo is proceeding *pro se* in this appeal, we may not make his arguments for him. *See, e.g.*, *Liles*, 547 S.W.3d at 296; *Nakissa v. Menchaca*, No. 04-21-00149-CV, 2022 WL 17825722, at *2–3 (Tex. App.—San Antonio Dec. 21, 2022, no pet.) (mem. op.).

Nevertheless, we conclude Abelardo cannot establish harm on this record. In the trial court, Abelardo argued the appellees interfered with the limousine lease contract by intentionally damaging the limousine and by interfering with his ability to access the land where the limousine was stored. He did not argue or present evidence of any other theories of interference. While the jury did not specifically decide whether the appellees interfered with the limousine lease contract,[10] it found that the appellees did not intentionally damage the limousine and that Alberto's and Rosalinda's interference with Abelardo's access to the land did not cause Abelardo to lose any profits from the limousine business. Stated differently, the jury explicitly rejected both of Abelardo's theories of interference with the limousine lease contract. Abelardo has not challenged the jury's findings on these issues and is thus bound by them. *See OXY USA, Inc. v. Cook*, 127 S.W.3d 16, 21 (Tex. App.—Tyler 2003, pet. denied). Because the unchallenged findings effectively negate a required element of Abelardo's tortious interference with contract claim, he cannot show he was harmed by the jury's finding that he did not have an enforceable contract to lease the limousine.

We overrule Abelardo's second issue.

---

[10] Because the jury answered "no" to Question 12, which asked whether Abelardo had an enforceable contract to lease the limousine, it did not answer Question 13, which asked whether the appellees intentionally interfered with that agreement.

### *Property Maintenance Contract*

In his final issue, Abelardo challenges the factual sufficiency of the evidence to support the jury's finding that Alberto did not agree to pay Abelardo to maintain Alberto's portion of the parties' shared land. "In reviewing the factual sufficiency of the evidence supporting a finding, we examine the entire record and may only reverse the finding if it is so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust." *See Huang v. Chang*, No. 04-20-00129-CV, 2021 WL 4555817, at \*3 (Tex. App.—San Antonio Oct. 6, 2021, pet. denied) (mem. op. on reh'g). We must defer to the jury as the sole judge of the credibility of the witnesses and the weight to give to their testimony. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). "The jury is free to believe some, all, or none of a witness's testimony," and we may not substitute our own judgment for the jury's. *Wash Techs. of Am. Corp. v. Pappas*, No. 05-16-00633-CV, 2018 WL 718550, at \*5 (Tex. App.—Dallas Feb. 6, 2018, pet. denied) (mem. op.). Jurors may "draw reasonable inferences from the evidence they choose to believe." *In re C.E.*, 687 S.W.3d 304, 308–09 (Tex. 2024).

As Abelardo notes, Alberto did not testify or present any evidence disputing Abelardo's testimony about the purported agreement. However, Abelardo himself testified that he used both his own and Alberto's assigned portions of the land to operate a business called The Party Place, through which he rented the land to individuals for parties. Abelardo told the jury that he "was renting [his] backyard and using also what Alberto's property was supposed to build on," that he used "that parking space the next property over to me, which was the one Alberto is supposed to build on, also to generate income," and that he built a palapa "in the property that Alberto was supposed to build on. . . and rented also that out for The Party Place." Based on this testimony, the jury could have rationally found that Abelardo maintained the property because he was using it for

his party business, not because Alberto agreed to pay him to do so. Accordingly, we cannot say the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *See, e.g.*, *San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82, 95 (Tex. App.—San Antonio 2003, pet. denied).

We overrule Abelardo's third issue.

### CONCLUSION

Having overruled each of Abelardo's appellate issues, we affirm the trial court's judgment.

Lori I. Valenzuela, Justice